## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MORRIS STAPELTON, et al.,** | ) | **CASE NO. 1:05CV2661** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ALCOA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon Plaintiffs' Motion for Remand to State Court and for Payment of Attorney Fees and Costs (ECF DKT #6). For the reasons that follow, Plaintiffs' Motion for Remand is denied.

### I. FACTUAL BACKGROUND

Plaintiff, Morris Stapelton, was an employee of Alcoa, Inc. for approximately twenty-five years. In 1988, Plaintiff sustained an injury and was placed on "light duty", using certain equipment as an accommodation. In December of 2002, Plaintiff sustained a shoulder injury outside of work. When his physician authorized his return to work, in 2003, Plaintiff was told that there was no "light duty" work available for him. Plaintiff allegedly could have worked

with the same accommodations he had before his disability absence.  Plaintiff remained off work, on disability leave, until May of 2004, when he was directed by Alcoa to undergo physical testing at the facility now known as NovaCare Outpatient Rehabilitation ("Defendant NovaCare").  According to Plaintiff, Defendant NovaCare required him to engage in strenuous physical activity and to lift more weight than he was capable of lifting.  Plaintiff allegedly was injured during the testing.  Thereafter, "Plaintiff was forced into taking a disability retirement from his employment at Defendant Alcoa."  (Complaint at ¶ 10).

Plaintiff and his wife filed a state court complaint, consisting of six counts.  On November 14, 2005, Defendants, Alcoa and NovaCare, filed a Joint Notice of Removal.  Defendants based the removal on the assertion that resolution of certain counts of the Complaint would require an interpretation of the Collective Bargaining Agreement ("CBA") between Alcoa and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and Local No. 1050 ("Union").  Specifically, Defendants argue that Counts Two and Three are preempted by the Labor Management Relations Act ("LMRA"), over which federal court has original jurisdiction.

The relevant allegations are that Plaintiff, Morris Stapelton, was directed by Alcoa in May of 2004 to undergo physical testing at NovaCare, that he was injured during the testing, and that he has been unable to return to work since that time. Plaintiffs further allege that Alcoa exposed Morris Stapelton to a "dangerous process, procedure, instrumentality, or condition within Plaintiff's employment" and knew that the harm he suffered was substantially certain to occur. Further, Plaintiffs claim that Morris Stapelton was "forced into taking a disability retirement from his employment" at Alcoa.

Plaintiffs insist that the entirety of their claims arise out of Ohio common law or Ohio statutory authority. Therefore, removal was improper. They seek an order remanding the case to Cuyahoga County Common Pleas Court and awarding them attorney fees for defending a frivolous removal.

## II. LAW AND ANALYSIS

A defendant may remove a civil action if the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "well-pleaded complaint"rule requires a court to look to the "face of the plaintiff's properly pleaded complaint" to determine whether it has original jurisdiction over a case. *Caterpillar, Inc*., 482 U.S. 392. Federal jurisdiction may be avoided if the plaintiff, as the master of his pleading, exclusively relies on state law. Furthermore, a federal defense, alone, does not provide original jurisdiction. *Id.* at 398-399.

However, an exception to the "well-pleaded complaint"rule is the "complete preemption"doctrine. *Id.* at 399. The U.S. Supreme Court limits complete preemption to very few statutes – among them is § 301 of the LMRA, 29 U.S.C. 185(a). Section 301 preempts state law when plaintiff's claim "substantially implicate[s] the meaning of collective bargaining agreement terms." *DeCoe v. Gen. Motors Corp*., 32 F. 3d 212, 216 (6th Cir. 1994). To determine whether a claim is completely preempted by § 301, the court applies a two-step analysis:

 1. Whether proof of the state law claim requires interpretation of collective bargaining
    terms; and

 2. Whether state law or the CBA created the plaintiff's right to bring suit.

-3-

*DeCoe*, 32 F. 3d at 216; *Medlen v. Estate of Meyers*, Slip Copy, 2005 WL 3307313 (N.D. Ohio), No. 3:05CV7201, December 6, 2005.

A claim of employer intentional tort is undeniably a creature of Ohio law. So, the remaining issue becomes whether Plaintiffs' intentional tort claims against Alcoa in Count Two of the Complaint require interpretation of the CBA between the Union and Alcoa. In order to make this determination, the Court must look at each element of the claim. To prove an intentional tort claim against an employer, a plaintiff-employee must show: 1.) The employer had knowledge of a danger within the business; 2.) The employer knew that if an employee were exposed to that danger, injury was certain or substantially certain to occur; and 3.) The employer, despite this knowledge, required the employee to perform the dangerous task. *Fyffe v. Jeno's, Inc.*, 59 Ohio St. 3d 115, 118 (1991).

Plaintiffs argue that this matter should be remanded – that their claims are based on Alcoa's conduct, in directing the testing at NovaCare and in requiring the strenuously dangerous testing – which conduct is independent of its obligations under the CBA. The Defendants point out that Stapelton was an hourly Union employee, who could have refused Alcoa's directive if he believed it was unsafe, and who could have sought the assistance of his Union representative. Moreover, Defendants note the CBA vests Alcoa with the authority to direct its working forces and contains provisions governing safety and health in the workplace. Specifically, Article XIX of the CBA provides the parties with a procedure to follow if an employee believes that an unsafe condition exists and offers a means for addressing disputes concerning perceived unsafe working conditions. Given the express language of the CBA, the Court cannot evaluate whether Alcoa acted with the knowledge and intent to harm an employee **without** interpreting the CBA.

In Count Three of their Complaint, Plaintiffs allege that Alcoa violated Ohio's public policy when Alcoa terminated and/or constructively discharged Stapelton, failed to provide him with a safe workplace, and exposed him to dangerous physical testing. The CBA specifically addresses the duties of the Union and Alcoa when returning an employee from sick leave; and, as mentioned above, addresses the employee's obligation to report unsafe working conditions. In order to assess the Plaintiffs' public policy cause of action, the CBA must be interpreted. So, the claim in Count Three is likewise preempted by § 301 of the LMRA.

### III. CONCLUSION

Upon review of the pleadings, and after due consideration of the arguments and applicable law, this Court finds, that because § 301 of the LMRA preempts Count Two (intentional tort) and Count Three (public policy) of Plaintiffs' Complaint against Alcoa, federal question jurisdiction exists, and removal was proper. Plaintiffs' Motion for Remand to State Court and for Payment of Attorney Fees and Costs is therefore denied.

**IT IS SO ORDERED**.

**DATE: 04/05/06**

/s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)